# IN THE COURT OF APPEALS OF IOWA

No. 19-0935
Filed October 7, 2020

**JACKIE JERMAINE LANE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Johnson County, Chad A. Kepros,

Judge.

Jackie Jermaine Lane appeals the dismissal of his application for

postconviction relief. **AFFIRMED.**

Lanny M. Van Daele of Van Daele Law, LLC, North Liberty, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee State.

Considered by Bower, C.J., and May and Ahlers, JJ.

**BOWER, Chief Judge.**

Jackie Jermaine Lane appeals the dismissal of his application for postconviction relief (PCR). He contends his trial counsel was ineffective in several respects. Because Lane has failed to prove counsel was ineffective, we affirm the dismissal of his application.

Lane was convicted of first-degree robbery. *See State v. Lane*, No. 14-0065, 2015 WL 162070, at *1–2 (Iowa Ct. App. Jan. 14, 2015). On direct appeal, this court found Lane had knowingly, intelligently, and voluntarily waived his *Miranda* rights before giving a statement to Police Officers Jeremy Bossard and Tom Hartshorn that "he had robbed the Creekside Market, named his accomplices, and gave several details about the offense." *Id.* at *1, *3.

On October 20, 2015, Lane filed a PCR application, asserting trial counsel was ineffective in a number of ways. To prove counsel was ineffective, Lane had the burden to prove trial counsel (1) "performed below the standard demanded of a reasonably competent attorney" and (2) "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Ledezma v. State*, 626 N.W.2d 134, 142–43 (Iowa 2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.* at 142.

The PCR trial was held on February 28, 2019. The district court admitted exhibits and heard testimony from Lane concerning his claims that trial counsel was generally ill-prepared, failed to file a notice of the defense of diminished responsibility, failed to seek to suppress an apology letter Lane wrote during his

interview with the officers, and failed to request a jury instruction on the necessity of corroborating evidence for a confession.[1]  The district court considered each of these claims and concluded Lane failed to prove trial counsel provided ineffective assistance.  Trial counsel's testimony was presented via deposition.

The district court first found: "A review of the record as a whole demonstrates that [defense counsel] was adequately prepared throughout his representation of Lane."

Next, because defense counsel had Lane evaluated to assess the possibility of a defense of diminished responsibility and obtained an opinion that there was no basis to assert the defense, the court found defense counsel "did not fail to perform an essential duty by not submitt[ing] notice of a defense which was unsupported by the facts.  However, even if [defense counsel] had such a duty, there is no showing of prejudice."  The court noted that the rules of professional conduct prohibit asserting an issue without basis in law and fact.

Third, as for the apology letter, the court wrote:

The only argument for suppression of the apology note not encompassed in the findings that Lane's *Miranda* waiver and statements during interview were voluntary is Lane's argument that the officers used deception and coercion by asserting and/or implying that the alleged victim was adversely psychologically affected by the incident and that Lane's letter would help her, which in turn deceived Lane into assuming that the letter would only be used for the purpose of helping the victim.  However, there is no proof that the officer's comments were deceptive or coercive.  The statements made about the victim are consistent with the testimony presented at trial.  In other words, there is nothing in the record to suggest that law enforcement's statements to defendant about the victim were in any way false. . . .  Likewise, Lane has not cited any

---

[1] Lane raised new claims of ineffective assistance at trial that were not included in his application.  The State objected but the court overruled the objections and considered the additional claims.

case law in support of his proposition that the line of questioning relating to the apology letter amounts to unlawful coercion. . . . Any indirect implication that the letter used would be limited to providing a benefit for the victim falls far short of being unlawfully coercive such that the statements contained therein were involuntary.

Finally, with respect to the corroboration instruction, the court noted trial counsel was aware of the instruction at the time of the trial but did not have any specific recollection of his analysis about whether to request the instruction. In any event, the district court ruled:

> More importantly, there is no showing of prejudice in relation to the failure to give a corroboration instruction because more than adequate evidence was received at trial corroborating Lane's confession.
> The court notes that Lane confessed to the offense and does not argue that his confession was false. The jury received video of the offense being committed and heard eyewitness testimony from the victim of the robbery. The surveillance video showed a man jumping over the counter who had a distinctive plaid hooded sweatshirt, similar to the one Lane was seen wearing on February 16, 2012. When Lane went to Mercy Hospital on March 6, 2012, officers observed that the tread on Lane's shoes matched the footprints found at the scene of the crime. Also, it was observed that Lane's pants were similar to those worn by the man who jumped over the counter as shown on the surveillance video.

On our de novo review, *see id.* at 141, we come to the same conclusions as did the district court. The district court provided a thorough statement of the facts, issues, and the law, and a well-reasoned analysis. Further opinion by this court would add little value. We therefore affirm. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**